TOWN BOARD OF TOWN OF JAMAICA v. DENTON et al.

(Supreme Court, Special Term, Queens County. March, 1895.)

1. EMINENT DOMAIN—TOWN HALL—CONDEMNATION—PETITION—TOWN BOARDS.
   Under Laws 1894, c. 146, providing that the town board is vested with the power to acquire, take, and hold in the name of the town, by purchase or condemnation, lands adjacent to the town hall, as such board may deem necessary or proper, the town board may institute proceedings by petition for the condemnation of such lands.

2. SAME—TITLE OF LAW—CONSTITUTIONALITY.
   Laws 1864, c. 147, provided that commissioners be appointed to purchase a site and build a town hall, but gave no authority to condemn land. Laws 1894, c. 146, entitled "An act to amend chapter 147 of the Laws of 1864, entitled 'An act to provide for the erection of a town hall in the town of Jamaica, * * *' and acts amendatory thereof," amends section 3 of such act so as to provide that the town board is vested with power to acquire land for the town adjacent to the town hall by purchase or condemnation. Held, that such amendatory act was not unconstitutional, as a local, special law embracing the power to condemn land, which is not expressed or suggested by its title, since condemnation proceedings are so generally resorted to in obtaining sites for public buildings that any well-informed person, seeing a statute providing for the erection of a public building, would expect to find in it a grant of authority to exercise the right of eminent domain.

3. SAME—USE OF LAND.
   Laws 1894, c. 146, providing that the town board may acquire lands for the town, adjacent to the town hall, by purchase or condemnation, is not unconstitutional for failing to specify the particular public use for which the land is to be acquired, since the use should be construed as being connected with the erection and maintenance of the town hall authorized to be constructed by the act to which this is an amendment.

4. SAME.
   Where a town board are authorized to acquire land by condemnation for use in connection with the town hall, their petition for the appoint-

ment of commissioners to appraise the damages for such taking should
not be denied because it states that the town wishes also to utilize the
open space so created as a park, since such use would not conflict with
the main purpose of protecting the hall from fire, and affording free
access to it.

5. SAME—EXHAUSTING AUTHORITY—SUBSEQUENT TRACTS.
Where a town board, which is authorized to acquire such land for
public use, adjacent to the town hall, as it deems necessary or proper,
adopts a resolution to acquire two adjacent tracts, it does not thereby
exhaust its authority, but may authorize the acquisition of another tract
by a subsequent resolution.

Petition by the town board of the town of Jamaica for the appoint-
ment of commissioners to appraise the compensation to be paid for
land to be taken for the town hall. Objections of landowners to the
proceedings. Overruled.

BARTLETT, J. The first objection interposed in behalf of those
who oppose this proceeding is that the petitioner is not a person au-
thorized to institute proceedings under the condemnation law. It is
a sufficient answer to say that the town board certainly consists of a
number of persons who may be regarded as sufficiently designated by
their official character, instead of being personally named; and, fur-
thermore, the act of 1894 expressly empowers the town board to ac-
quire land by condemnation.

The second objection is that the act of 1894 is unconstitutional,
because it is a local bill embracing more than one subject, and its
title does not express or suggest one of the subjects. In the original
statute no power of eminent domain was conferred upon the com-
missioners who were authorized to construct the town hall. They
were to purchase the site. The act was simply entitled "An act to
provide for the erection of a town hall in the town of Jamaica, in the
county of Queens." The law of 1894 is entitled "An act to amend
chapter 147 of the Laws of 1864, entitled 'An act to provide for the
erection of a town hall in the town of Jamaica, in the county of
Queens,' and acts amendatory thereof." I think the title of either of
these acts fairly suggests the idea that the power of eminent domain
might thereby be conferred, so far as was necessary, to provide for
the erection and maintenance of a proper town hall, with appropriate
surroundings. Condemnation proceedings are now so generally re-
sorted to in order to obtain sites for public buildings that almost any
well-informed person coming upon a statute whose title showed that
it provided for the erection of such a building would naturally ex-
pect to find in it a grant of authority to exercise the right of eminent
domain, if that should be necessary. It is enough if the title be such
as to fairly suggest or give a clue to the subject.

The third objection, as I understand it, is that the failure of the
legislature to specify the particular public use for which the land is
to be acquired is fatal to the constitutionality of the act of 1894. In
the Matter of the City of Brooklyn a similar point was urged against
the validity of the statute under which the city acquired the property
of the Long Island Water-Supply Company, but it was held to be
enough that the act declared the acquisition to be in the public inter-

est and for the public use. No doubt, the act of 1894 here under consideration could be construed in such a way as to make it unconstitutional. Thus, if it were deemed to authorize the acquisition of any lands in the town, however distant from the town hall, provided they were connected with the town hall by town lands, it would be invalid; for the title conveys no idea that any such extensive power of eminent domain is conferred. As I have already intimated, it does indicate that the act provides for acquiring the necessary site and appropriate surroundings by condemnation proceedings, if need be; but it does not point to any authorization to acquire lands at a distance from the building, or for purposes disconnected therefrom. And so I think it must be held that the public uses and purposes to which the act as amended applies are uses and purposes connected with the erection and maintenance of the town hall, and not any others. The petition shows that the object sought to be attained by taking the lands of the defendants is connected with the town hall. The chief purposes seem to be to protect that edifice from danger from fire, and to give freer access to it. The additional statement that the petitioners propose to utilize the open space thus created as a park for the benefit of the people of the town of Jamaica does not affect the legal purposes above mentioned. The petitioners could not, in my judgment, take the land solely for the purpose of making a pleasure park; but, if they acquire it for the protection and improvement of the town hall, no one can complain because they propose also to open it as a public pleasure ground.

One more objection remains to be considered. It is contended that the town board exhausted its power when it passed the resolution to acquire two of the parcels of land, and had no authority to adopt the subsequent resolution as to the third parcel. I find no warrant in the statute for thus restricting the power of the board.

There should be judgment that the plaintiff is entitled to take and hold the property for the public purposes of removing danger to the town hall from fire, and of permitting free access to said town hall from all sides. Let the parties agree upon the commissioners of appraisal, if possible.